**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2422

UNITED STATES OF AMERICA

v.

LUIS ALVARO OROZCO,
Appellant.

_____

Appeal from the United States District Court
for the District of New Jersey
Case No. 2-03-cr-00698-001
(Honorable William H. Walls)

_____

Submitted pursuant to Third Circuit LAR 34.1
May 27, 2010

Before McKee, *Chief Judge,* Rendell, Stapleton, *Circuit Judges*

(Opinion Filed: September 16, 2010)

OPINION OF THE COURT

McKee, *Chief Judge*:

Luis Alvaro Orozco appeals the sentence of 135 months incarceration that was

imposed following his guilty plea. For the reasons set forth below, we will affirm the

sentence. However, we will remand for the limited purpose of allowing the district court

1

to clarify the amount of credit the court intended to give Orozco for the time he spent in jail before he was sentenced.[1]

## I.

Since we are writing primarily for the parties who are familiar with this case, we need only briefly recite the factual and procedural background. Luis Alvaro Orozco is a career offender who has repeatedly engaged in illegal cocaine trafficking between Colombia and the United States. He was convicted of possession of cocaine with intent to distribute in 1983. While on supervised release in 1989, he was once again convicted of cocaine distribution. He entered this guilty plea in 2007, pleading guilty to Count One of an indictment charging him with conspiracy to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963. The district court adopted the recommendations of the Pre-Sentence Report ("PSR"). Orozco had a total offense level of 29 and a Criminal History Category of III. That resulted in a recommended incarceration range of 108-135 months. However, since his offense carries a mandatory minimum sentence of 120 months, his Guidelines range became 120-135 months. U.S.S.G. § 5G1.1, PSR ¶¶ 103-104.

The district court rejected Orozco's request for the mandatory minimum sentence and instead sentenced him to 135 months imprisonment. However, the court credited

---

[1] We have appellate jurisdiction to review the district court's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Orozco with all of the time he had been confined in both Colombia's Combita Prison and New Jersey's Passaic County Jail, because of this indictment. Appendix ("A") 119:3-16.[2]

## II.

The sole issues on appeal are whether Orozco's sentence of 135 months imprisonment was reasonable and whether the district court complied with 18 U.S.C. § 3553(a) in deciding upon that sentence. We review a district court's factual findings for clear error and the reasonableness of the final sentence in light of the factors codified at 18 U.S.C. § 3553(a) for abuse of discretion. *United States v. King*, 454 F.3d 187, 194-196 (3d Cir. 2006) (applying *United States v. Booker*, 543 U.S. 220 (2005)); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*).

In evaluating the reasonableness of Orozco's sentence, we first look to the record to see if the district court gave "meaningful consideration" to the sentencing factors contained in 18 U.S.C. § 3553(a) and to any non-frivolous arguments properly raised by the parties. *Tomko*, 562 F.3d at 567; *United States v. Vargas*, 477 F.3d 94, 101-102 (3d Cir. 2007). We review a district court's application of the § 3553(a) factors deferentially and only inquire into whether the court's reasons for imposing a given sentence is consistent with those factors.[3]

---

[2] Orozco served 11 months in Combita Prison awaiting extradition (March 2004-January 2005) and almost 39 months in pre-sentence detention in Passaic County (January 2005-March 2008). A119:3-16.

[3] The factors a sentencing court should consider under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the crime, promote

3

Our review of the record convinces us that Orozco's sentence is reasonable and that the court duly considered the 3553(a) factors. Contrary to Orozco's arguments, the district court considered his pre-sentence confinement, A95:14-19, A97:6-98:14, as well as his argument that he was coerced into committing this offense. A99:12-100:11. The record also demonstrates that the district court properly weighed Orozco's arguments in light of § 3553(a) factors, A114:2-A119:2, as post-*Booker* precedent requires. *See United States v. Booker*, 543 U.S. 220 (2005).

Orozco claims that the district court erroneously believed that it lacked the authority to consider pre-sentence confinement conditions in determining the sentence. However, the court "[took] note of Passaic County's alleged conditions," but determined that reducing the sentence in light of those conditions was "not necessarily appropriate." A95:14-19. Similarly, the court heard arguments about the severe conditions in Combita Prison but could not verify Orozco's account. A97:6-7.

Orozco argues coercion in order to establish that he was somehow forced to commit this crime. The record shows that the sentencing judge considered Orozco's account of his kidnaping but was skeptical about it. A99:21-24. The court noted that this involuntariness

---

respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed correctional treatment; (3) the kinds of sentences available; (4) the applicable Guidelines sentence; (5) the pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims.

argument was not raised in the plea stage and that Orozco had conceded that he voluntarily committed the instant offense during his change of plea colloquy. A113:9-114:1.

Orozco also challenges the reasonableness of the court's 135 month sentence. The court adequately explained why it thought a sentence of that length was consistent with the factors articulated in § 3553(a). The court emphasized that this is Orozco's third felony conviction and that the "nature of [his] criminal activity . . . is of unabated . . . drug activity." A117:16-19.

We recognize that a strong argument can be made that, since Orozco is now 60 years old, the mandatory minimum would have been sufficient punishment. However, we are not charged with imposing sentence in the first instance. Rather, we merely review the sentence that was imposed to determine if it was reasonable. Given all of the factors here, including Orozco's willingness to once again enter the world of international drug transactions despite his chronological maturity, we will not second guess the district court's decision to impose a sentence that was greater than the mandatory minimum. *See Tomko*, 562 F.3d 558, 561 (3d Cir. 2009) (*en banc*) ("'the fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'") (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

We are convinced that the district court fairly and thoroughly considered the nature and circumstances of Orozco's offense, and concluded that the mandatory minimum sentence was not sufficient. 18 U.S.C. § 3553(a) requires that the sentencing court weigh

5

the seriousness of the crime, the need to deter others, and the interest of society as a whole. The district court did that. *See* A118:4-9, A118:19-119:1. It then determined that 135 months incarceration was appropriate. We do not require that a district court "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Vargas*, 477 F.3d at 101; *see* A114:2-A119:2.

We are, however, concerned about what appears to be a clerical error on page 2 of the Judgment the court entered on April 1, 2008. That Judgment only credits Orozco with the 11 months he served in Combita Prison. A8. However, the transcript from the sentencing hearing clearly shows that the district court credited Orozco with the prison time he served in Passaic County Jail (almost 39 months) *in addition to* the time he served awaiting extradition in Colombia. A109:23-25, A119:11-16. The court stated: "I direct that the B.O.P. give him credit for the time he spent in . . . Combita [Prison], as well as in Passaic County Jail." A109:23-25.

Accordingly, we will remand for the sole purpose of allowing the sentencing court to clarify this apparent clerical error so that Orozco can receive all the credit that the district court intended to give him. *See* Fed. R. Crim. P. 36.[4]

III.

---

[4] Fed. R. Crim. P. 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

For the reasons set forth above, we affirm the district court's sentence but remand this case so that the district court can correct any misunderstanding about the jail time credit it intended Orozco to have.